# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| GAYLE CABANISS, ET AL | CIVIL ACTION NO. 17-188 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| HOBBY LOBBY STORES, INC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Summary Judgment [Record Document 26] submitted by Defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby"), which prays for this Court to dismiss all claims brought against it by Plaintiffs, Gayle and Fred Cabaniss. Upon consideration of the briefs filed by the parties and for the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Plaintiff Gayle Cabaniss ("Cabaniss") filed this suit for damages arising out of a slip and fall incident at a Hobby Lobby store located in Shreveport, Louisiana. According to Cabaniss' deposition testimony, she entered the store on December 22, 2015, to purchase ribbon. Record Document 26-3, p. 2. She went to an aisle in the fabric department to locate the ribbon, but did not see it there. Id. at 3. She left to get further instruction from an employee, but then returned back to the same area where she had previously been. When she returned to that area, she slipped and fell on an unknown substance. The following exchange occurred at her deposition:

> Q: So, you went to the aisle, looked for the ribbon, walked twenty-five feet, had a brief conversation with the employee cutting fabric, and then were – you were en route I guess walking back to where you were before?
> A: Yes.
> Q: And then when you got to that location, did you immediately fall?
> A: Immediately. It wasn't like "I'm going to catch myself, I can do it, I can do it." I was down.
> Q: And if you can give us an understanding, between the time that you were on the aisle looking for ribbon, couldn't find it, walked to the fabric counter, had the brief conversation with the employee and walked back and fell, can you give us an appreciation of how long that took?
> A: Less than a minute.

Id. at 5-6. When in the area initially, Cabaniss did not see anything on the floor that resembled the substance that she later slipped on. Id. at 3-4. She similarly did not "feel anything on the floor that might have apprised [her] of a substance being on the floor" when she was first in the area. Id. at 4. She did not know how the substance came to be on the floor, who put it there, or how long it had been on the floor prior to her fall. Id. at 8. She admitted she had no information regarding whether an employee of Hobby Lobby knew about the substance on the floor. Id. at 9.

## STANDARD

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not

produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. Little, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue

to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

This case is governed by Louisiana Revised Statute 9:2800.6, which sets out the burden of proof in claims against merchants. The statute provides, in part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6. Failure to establish any one of the elements of § 9:2800.6(B) is fatal to Plaintiffs' claim. Gregory v. Brookshire Grocery Co., 45,070 (La. App. 2 Cir. 4/21/10), 35 So. 3d 458, 461 (citing Rowell v. Hollywood Casino Shreveport, 43,306 (La. App. 2 Cir. 9/24/08), 996 So. 2d 476).

Here, Defendant argues that Plaintiffs are unable to prove element B(2), that it created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. Plaintiffs do not argue that Hobby Lobby created or had actual

notice of the condition; instead, they argue it had constructive notice of the spill.[1] The relevant statute defines constructive notice:

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. § 9:2800.6(C)(1).

The Louisiana Supreme Court discussed the constructive notice element in White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084, explaining:

> Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.

Therefore, Plaintiffs are required to come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place Hobby Lobby on notice of its existence. Id. at 1082. Plaintiffs offer no such evidence. In its motion, Defendant points to the lack of evidence regarding this essential element, and offers Gayle Cabaniss' deposition testimony that she did not know how long the substance had been on the floor. Record Document 26-3, p. 8.

---

[1] In Plaintiffs' Opposition, they admit Hobby Lobby never discovered the "hazardous material" prior to the fall and claim that no Hobby Lobby employee had been on the aisle prior to the fall. Record Document 29-1, p. 3.

Instead of offering any evidence to satisfy their burden on the temporal element, Plaintiffs argue that Hobby Lobby, in the exercise of reasonable care, knew or should have known the substance was on the floor before the fall. Record Document 29-1, p. 3. The court in <u>Babin v. Winn-Dixie Louisiana, Inc.</u>, 2000-0078 (La. 6/30/00), 764 So. 2d 37, rejected a similar argument. In that case, the plaintiff slipped and fell on several toothpick boxes, but admitted in his deposition that he did not know how the boxes got on the floor or how long they had been there before he fell. <u>Babin</u>, 764 So. 2d at 38. The district court granted summary judgment in favor of Winn-Dixie, finding that the plaintiff failed to offer positive evidence to show the condition existed for such a period of time that Winn-Dixie should have reasonably discovered it. <u>Id.</u> at 39. The court of appeal reversed, speculating the plaintiff could show a possibility that the toothpicks had been on the floor for some period of time and that Winn-Dixie's employee was negligent in failing to observe them.[2] <u>Id.</u> at 40. The Louisiana Supreme Court noted that such speculation is insufficient. Because the plaintiff failed to show the condition existed for some period of time before the fall, the court reinstated summary judgment in favor of Winn-Dixie. <u>Id.</u> at 40-41.

Here, Plaintiffs have offered no evidence to suggest the substance was on the floor for any length of time prior to Gayle Cabaniss' fall and have therefore failed to create an issue of fact regarding constructive notice. Hobby Lobby has met its burden of showing an absence of support for an essential element of Plaintiffs' claim, and Plaintiffs have failed

---

[2]The plaintiff had relied, at least in part, on Winn-Dixie's records and incident reports, claiming the aisle where the accident occurred had not been inspected for at least ten minutes before his fall. <u>Babin</u>, 764 So. 2d at 40 n.4.

to come forward with evidence showing a genuine dispute for trial. Accordingly, summary judgment is appropriate. See Little, 37 F.3d at 1075.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Record Document 26] is hereby **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** this 9th day of April, 2018 in Shreveport, Louisiana.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE